Clerk's Office
U. S. District Court
**FILED**
4/4/2020
Julia C. Dudley, Clerk
By: /s/ Susan Moody
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 7:15CR00005 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| YASSINE MALIK DUNGEE, | By: Hon. Glen E. Conrad |
| Defendant. | Senior United States District Judge |

This matter is before the court on Yassine Malik Dungee's motion for immediate release from Western Virginia Regional Jail so that he can serve the remainder of his sentence in home confinement. For the reasons stated, the court must deny the motion.

On November 10, 2015, Dungee appeared before the court, and pled guilty to three counts of possessing cocaine with the intent to distribute. ECF No. 40. On November 19, 2015, the court imposed a sentence of 42 months on each count to run concurrently, with ten months to run concurrently to a state sentence to be followed by three years of supervised release. ECF No. 46. Dungee began his term of supervised release on February 20, 2018.

After the Probation Officer assigned to Dungee's case petitioned the court to revoke Dungee's term of supervision, Dungee appeared before the court for a revocation hearing on December 18, 2019. Dungee admitted to violating the terms of his supervised release. Thereafter, the court revoked Dungee's term of supervised release and imposed a sentence of two weekends in custody and an 18-month term of supervised release. In January 2020, the parties and the Court learned that the Roanoke City Jail was no longer accommodating requests for weekend jail service. At the request of Dungee and with the consent of the United States, the court amended Dungee's sentence to 90 days of imprisonment. ECF No. 73. As of the date of Dungee's motion, approximately three weeks of his custodial sentence remain to be served. ECF No. 74 at 2.

In the present motion, Dungee requests another modification of his sentence, to substitute the remainder of his imprisonment with home confinement. Dungee points to the potential of COVID-19 infection within the jail in which he is held, and argues that continued incarceration constitutes a violation of the Fifth and Eighth Amendments of the United States Constitution. The United States has filed a brief in opposition.

The court is constrained to deny Dungee's motion. First, "a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) (quoting 18 U.S.C. § 3582(c)). Here, no such grounds for modification exist. Thus, the court has no authority to alter Dungee's sentence. In particular, Dungee has identified no statutory authority that would permit the court to modify his sentence at this time, under either 18 U.S.C. § 3582(c) or the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 12003(b)(2) (2020). See United States v. Doshi, No. 13-CR-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020) (discussing limited authority granted under the CARES Act § 12003(b)(2)).[1]

Second, there is no indication that such relief has been granted by any judge of this court. Nor has there been any finding that local facilities are at risk of an outbreak. Moreover, Dungee does not make any particular showing that his individual conditions of confinement—as opposed

---

[1] See also United States v. Carver, No. 4:19-CR-06044, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("Defendant fails to indicate whether she has sought relief from the Bureau of Prisons, much less shown she has satisfied the statute's exhaustion requirement.") (citing 18 U.S.C. § 3582(c)(1)(A)); United States v. Eberhart, No. 13-CR-00313, 2020 WL 1450745, at *3 (N.D. Cal. Mar. 25, 2020) ("To the extent that defendant seeks a designation recommendation by the court to BOP under § 3621(b)(4) to release him from Santa Rita Jail to a halfway house or home confinement, the court has no authority to designate the place of confinement."); United States v. Nkanga, No. 18-CR-713, 2020 WL 1529535, at *4 (S.D.N.Y. Mar. 31, 2020) (concluding that court did not have authority under 18 U.S.C. § 3145(c) to release defendant from custody after defendant had pled guilty and sentence had begun).

to those conditions that inmates generally are subject to—are such as to justify relief. While Dungee notes that one fellow inmate tested positive for COVID-19, he also states that the inmate was transported to a local hospital on that same date. The United States, however, informs the court that it has not been able to corroborate Dungee's assertion. But even if true, such a circumstance standing alone does not justify release to home confinement. See United States v. Gileno, No. 3:19-CR-161, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (declining to grant home confinement and stating that "[w]ith regard to the COVID-19 pandemic, Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno").

Third, the vast majority of courts analyzing similar motions have denied them. See, e.g., United States v. Clark, No. 17-CR-85, 2020 WL 1557397, at *4–5 (M.D. La. Apr. 1, 2020) (noting that "Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence modification" and "there is no evidence before the Court that the BOP's plan to address the pandemic will not adequately protect inmates"); Carter v. Santa Fe Adult Detention Center, No. 20-CV-00271, 2020 WL 1550888, at *2 (D.N.M. Apr. 1, 2020) ("Mr. Carter makes generalized, speculative allegations concerning fear of contracting the COVID-19 coronavirus. He does not, however, present any factual allegations of exceptional or extraordinary personal circumstances that render him personally at high risk of contracting the disease."). Dungee cites no decision that persuades the court to decide the instant case differently.

Finally, to the extent that Dungee's motion sounds in compassionate release, the court has no choice but to deny it. A limited number of courts have granted compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on individual medical conditions that made the inmates

3

particularly susceptible to COVID-19.  See, e.g., United States v. Campagna, No. 16-CR-78, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinary and compelling reason to modify to Defendant's sentence[.]"); United States v. Jepsen, No. 3:19-CV-00073, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020) ("Mr. Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release."); United States v. Colvin, No. 3:19-CR-179, 2020 WL 1613943, at *4 (D. Conn. Apr. 2, 2020) (defendant had diabetes and high blood pressure, while eleven days remained on her sentence).  In contrast to these cases, Dungee has not shown that he has exhausted his administrative remedies or that he suffers medical conditions that create "extraordinary and compelling reasons" to merit release under § 3582(c)(1)(A)(i).

## **Conclusion**

For the reasons stated, the court will deny Dungee's motion.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 4th day of April, 2020.

/s/ Glen Conrad
Senior United States District Judge